MARKER INTERNATIONAL,
Plaintiff–Respondent,

v.

Gregory DeBRULER, an individual, Debco International Trading, Inc., and Marker Surf America, Defendants–Appellants.

No. 86–1373.

United States Court of Appeals,
Tenth Circuit.

April 19, 1988.

Rehearing Denied June 6, 1988.

Damian C. Smith and Rodney R. Parker, of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellants.

John P. Ashton and Robert G. Wing of Prince, Yeates & Geldzahler, Salt Lake City, Utah, for the plaintiff-respondent.

Before McKAY, SEYMOUR, and TACHA, Circuit Judges.

TACHA, Circuit Judge.

In this trademark infringement case, the district judge entered summary judgment permanently enjoining defendants from selling or advertising for sale any product bearing the Marker name with the sloping "M" logo.[1] *Marker Int'l v. deBruler*, 635 F.Supp. 986 (D.Utah 1986). We affirm.

■ We wish to clarify only one point. The district judge correctly stated that secondary meaning need not be shown where a mark is arbitrary or fanciful. *Id.* at 997–98. The district judge treated the Marker International trademark as an arbitrary mark and therefore did not address

---

1. The district judge reserved the issue of damages until further hearing. This court has jurisdiction in this appeal under 28 U.S.C. § 1292(a)(1) which provides that courts of appeals have jurisdiction over interlocutory orders of district courts granting injunctions.

the issue of whether the mark has secondary meaning. *Id.* at 998.

■ In this case, however, the word at issue is a surname. Generally surnames are treated like descriptive marks in that secondary meaning must be shown for trademark protection under the Lanham Act. 15 U.S.C. § 1052(e)(3), (f); *In re Etablissements Darty et Fils,* 759 F.2d 15, 16 (Fed.Cir.1985). A mark has acquired secondary meaning "[i]f because of association with a particular product or firm over a period of time [it] has come to stand in the minds of the public as a name or identification for that product or firm...." *Safeway Stores, Inc. v. Safeway Properties, Inc.,* 307 F.2d 495, 499 (2d Cir.1962); *accord Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 589 F.2d 1225, 1228 (3d Cir. 1978). Whether or not a trademark has acquired secondary meaning is a question of fact, *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,* 698 F.2d 786, 794 (5th Cir.1983), and therefore generally should not be decided in summary fashion. Fed.R. Civ.P. 56. However, where the underlying facts are undisputed, as in this case, the question of secondary meaning is appropriate for resolution on motion for summary judgment. *Cf. Frederick Warne & Co. v. Book Sales Inc.,* 481 F.Supp. 1191, 1194–95 (S.D.N.Y.1979).

■ Defendant deBruler stated that he continued to use the Marker name and sloping "M" logo because Marker had a reputation for quality products and he believed people might associate that reputation with the Marker Surf America products. *Marker Int'l,* 635 F.Supp. at 1000 (citing Greg deBruler Deposition at 79, 80). These statements by the defendant constitute an admission that the Marker International trademark has secondary meaning. Although the district judge did not directly address the secondary meaning question, he addressed the same factual issue in his analysis of the likelihood of confusion question. *Id.* at 999–1000. The district judge made clear in his thorough opinion that this admission contributed to his conclusion that a trademark infringement had occurred. We therefore affirm the decision of the district judge on this basis and for substantially the reasons stated in his opinion.

AFFIRMED.